DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

## MARCH TERM, 1869.

---

### JANE VOORHEES v. JOSEPH COMBS AND LYMAN H. ATWA-TER, EXECUTORS OF JOHN H. WOODHULL, DECEASED.

1. Where a servant or domestic is employed at a stipulated monthly salary, and continues in that capacity, receiving her monthly wages to the time of her employer's death, she cannot afterwards maintain an action against the estate of her employer, to recover increased compensation, on the ground that her labors were increased by reason of his sickness, contracted subsequent to her entering into his service.

2. The parties are bound by their agreement. An implied contract cannot exist when there is an express contract embracing the identical subject.

3 The extra services were not rendered in an employment different from that for which she engaged, but was more burthensome by reason of the employer's illness. In the absence of an express agreement to pay for the extra services, no recovery can be had.

---

Error to the Mercer Circuit Court.

The suit was brought by the plaintiff to recover of the defendants, executors of Doct. John H. Woodhull, deceased,

494

Voorhees v. Executors of Woodhull.

compensation for alleged extra services rendered by the plaintiff in the testator's lifetime.

On the trial of the cause at the Mercer Circuit, ———— Term, 1868, the court, upon the evidence offered by the plaintiff, directed a judgment of non-suit to be entered against her.

A bill of exceptions having been taken, and a writ of error brought to this court, the plaintiff assigned for error, that the court below erred in directing the said judgment of non-suit against the said plaintiff.

A motion to dismiss this writ, on the ground that a writ of error would not lie to remove a judgment of non-suit having been made, and, after argument, denied at the last term, (see *ante* 482,) the cause was argued on its merits.

For plaintiff in error, *J. F. Hageman.*

For defendants in error, *Richey & Emery.*

VAN SYCKEL, J.   This action was instituted to recover of the defendants, as executors of Doct. Woodhull, compensation for alleged extra services, rendered by the plaintiff to the decedent in his lifetime.

The plaintiff was employed by Doct. Woodhull, in the year 1866, as his cook and housekeeper, at a stipulated monthly salary.   She continued in that capacity, receiving her monthly wages, up to the time of the testator's death, in January, 1867.

The plaintiff claimed that her labors were increased by reason of the sickness of the testator, contracted subsequent to her entering into his service, and it was insisted, that upon the performance of such increased services, the law implied a promise on the part of the master to pay for them.   There being no proof of an express agreement for extra pay, his honor the Chief Justice, before whom the cause was tried at the circuit, non-suited the plaintiff, and that constitutes the alleged error in this cause.

Upon the mere ground that she performed additional services, rendered necessary by the illness of the testator, no legal claim to additional remuneration arises.

The plaintiff made her contract of service with reference to this affliction of the deceased, and the increase of labor incident to it.

She had no right to suppose that the family, in which she was to serve, would be exempt from the ills of life, and having made no provision in her contract for added compensation in the event of sickness, she is fully paid by the stipulated price. The presumption of law is, that for all services rendered by her to her employer, which are in the line of her regular duties, or of a similar nature, whether ordinary or extraordinary, she is satisfied by the payment of her fixed salary. The object of an express contract is to guard the parties against uncertainty as to its term, or exaction in its performance. But an express contract will furnish slender protection indeed to the master, if for every additional or extra service he may be subjected to the payment of such sum as a jury may award. Such a rule would give the servant a valid claim for increased pay whenever the master entertained an unexpected guest, and enable the clerk, at a fixed salary, to demand an increase of wages with every increase of the merchant's business. No reason can be perceived why the master might not, with equal propriety, upon the mere diminution of the servants' labor, reduce the remuneration.

The doctrine upon which the plaintiff rests her case is contrary to the well settled rule, that an express contract excludes an implied one. An implied contract cannot exist when there is an existing express contract about the identical subject. The parties are bound by their agreement, and there is no ground for implying a promise. It is only when the parties do not agree, that the law interposes and raises a promise.

Where an express contract exists, there must be a rescission of it before the parties will be remitted to the contract

which the law implies, in the absence of that agreement which they make for themselves. *Walker* v. *Brown*, 28 *Ill.* 378; *Cutter* v. *Powell*, 6 *Term Rep.* 324; *Hart* v. *Lauman*, 29 *Barb.* 410.

In the case of *Hart* v. *Lauman*, Hart agreed to make a certain excavation of earth for a specific price. After he entered on the work, he, unexpectedly to both parties, encountered hard pan, and gave notice to Lauman that he must abandon the work unless Lauman would allow him more than the contract price. Lauman told Hart to quit the work until some arrangement could be made, and he did quit it for about two weeks, when it was resumed under a new agreement, by which he was to have reasonable compensation for the work. It was held in this case, that Hart could not recover under the new agreement, unless what took place between the parties in effect rescinded the original contract as to that portion of the work which had been abandoned, and that the parties were not in a situation to make a new contract binding upon them until such rescission. In other words, that where work was entered upon with an express stipulation as to price, a subsequent express promise to pay a greater sum on account of unforseen difficulties in the undertaking, would be void for want of consideration to support it, unless it was accompanied by a virtual rescission of the original bargain.

The extra services of the plaintiff were not rendered in an employment different from that for which she engaged, but were more burthensome by reason of the testator's illness. In the absence of an express agreement to pay for the extra services, no recovery can be had. This view is supported by *Carey* v. *Halleck*, 9 *Cal.* 198; *Haymore* v. *Moore*, 8 *Ohio* 239; *Smith's Master and Servant* 101; and *Hart* v. *Lauman*, before cited.

The plaintiff further insists, that the testator, in his lifetime, executed to her a promissory note for five hundred dollars, for the alleged extra services, and that this amounts to an express promise to pay for them. There is no pretence in

the case that the plaintiff ever demanded of the testator in-creased pay, or that she ever had any conversation with him on the subject of her increased labors.   The evidence shows that on one occasion during the testator's illness, Duryee, his financial agent, asked him what he intended to give the plaintiff, as she had been very kind to him; the testator asked what he ought to give; Duryee said, give what you please, it is all your own; the testator then said, give her five hundred dollars.   Then Duryee wrote a note for five hundred dollars, and the testator signed it.   Soon after this was done, the plaintiff came into the room where the testator was, and he told her he had given her five hundred dollars.

This transaction had none of the characteristics of an express promise to pay for extra services.   It was a mere gratuity on the part of the testator, and was not done in discharge of any legal obligation which rested upon him.   It was expressly stated to be a gift, an expression of his gratitude to the plaintiff, and could not lay the foundation of an action at law.

The note of the donor is not, like the note of a third person, the subject of a gift.   It is a mere promise, and can no more be recovered upon as a gift, than the unwritten promise of the donor.   " The gift of the maker's own note is the delivery of a promise only, and not the thing promised, and the gift therefore fails."   2 *Kent's Com.* 438 ; *Haymore* v. *Moore,* 7 *Ohio St. Rep.* 239 ; *Starr* v. *Starr,* 9 *Ohio St. Rep.* 74.

If the note had been delivered to the plaintiff, which is not proved in this case, it was without consideration, and carried with it no legal liability.

The performance of a service which the plaintiff was bound to perform under her general contract, furnished no consideration for the note.

But if the note had been a valid obligation, the case would not be changed.   The plaintiff did not produce the note at the trial, or account for its non-production.

It may have been negotiated by the plaintiff, and the defendants may be compelled to pay it in the hands of a *bona fide* holder.

The non-suit was rightly ordered, and the judgment must be affirmed.

*For affirmance*—The CHANCELLOR, BEDLE, DEPUE, VAN SYCKEL, CLEMENT, KENNEDY, WALES.    7.

*For reversal*—OGDEN.    1.

CITED *in Conover* v. *Stillwell,* 5 *Vr.* 57.