EUGENE M. COLLOTY, PLAINTIFF IN ERROR, v. KATE SCHUMAN, DEFENDANT IN ERROR.

Submitted March 23, 1908—Decided June 15, 1908.

The rendition of service by one person to another at the latter's request, and under circumstances which negative the idea that it is gratuitous, entitles the person who renders the service to compensation therefor from the person at whose request it is rendered, notwithstanding the absence of an express promise on the part of the latter to pay for it. A promise to pay what the service is reasonably worth is implied from the request to render it.

On error to the Supreme Court.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Eli H. Chandler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was originally brought in the District Court of Atlantic City to recover

the sum of $107.50, which, according to the averment of the state of demand, was due to the plaintiff, Colloty, from the defendant, Schuman, upon a contract by the terms of which the latter "undertook and promised to pay said plaintiff for procuring a tenant for the Hotel Wellington," in Atlantic City. The proofs submitted at the trial on behalf of the plaintiff (who was a real estate agent) were to the effect that the defendant called upon him with her son and requested him to try and rent the hotel for her; that she was the owner of the hotel property; that he subsequently secured a tenant for it at an annual rent of $3,000, and that the tenant was put in possession by the defendant; that the defendant's son agreed with him that he should receive a commission of $150 for his services, being five per cent. of the annual rent; that he collected $850 on account of the rent, and turned it over to the defendant, and that she then paid him five per cent. of that amount, viz., $42.50. It was further proved that afterwards the defendant's son collected $1,400 more on account of the rent, and that no commission on that amount was paid to the plaintiff, and that he received no further payment from the defendant for his services in procuring her a tenant. There was a verdict and judgment in favor of the plaintiff. On appeal to the Supreme Court many exceptions taken at the trial were argued, but were all considered to be without merit, and the judgment of the District Court was affirmed. The present writ of error brings up the judgment of affirmance.

The only assignment of error argued before us, and the only one, therefore, which requires consideration at our hands, is directed at the adjudication of the Supreme Court that it was not error in the District Court to refuse to nonsuit the plaintiff, or to direct a verdict for the defendant. The argument in support of this assignment is that the plaintiff's right to recover depended upon the existence of an express agreement made by the defendant, either personally or through a regularly authorized agent, to pay the plaintiff $150 for his services; that the only proof of such a contract was the agreement between the plaintiff and the defendant's son, and that there was no evidence of any authority on the part

of the son to bind his mother by such an agreement. But this argument rests upon the fallacy that the plaintiff cannot recover except upon proof of an express contract. His right of recovery is not so limited. Proof of services rendered by him at the request of the defendant, under circumstances which negative the idea that they were gratuitous, entitles him to compensation for those services from the defendant, notwithstanding the absence of an express promise by her to pay for them. A promise to pay what they are reasonably worth is implied from her request to him to render them. This is elementary. It is contended that the plaintiff below was not entitled to recover on a *quantum meruit,* however, for the reason that the state of demand counts solely upon an express contract. But this is not the case. The pleading is silent upon the question whether the contract sued upon is an express or an implied one. The refusal to nonsuit the plaintiff, and the overruling of the motion to direct a verdict in favor of the defendant were, therefore, each of them proper, if there was any evidence to show that the plaintiff had not been paid what his services were reasonably worth. Such evidence, we think, is to be found in the fact that the defendant paid the plaintiff five per cent. on the installment of rent actually collected by him. It was for the jury to say whether, under all the circumstances proved in the case, this was a full compensation for his services, or whether it was a recognition on the defendant's part that he was entitled to receive as compensation for his services five per cent. of all rents actually collected.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   15.

*For reversal*—None.