SNYDER MOSER, PLAINTIFF-RESPONDENT, v. MILNER HOTELS, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Argued January 15, 1951—Decided January 29, 1951.

*Mr. Nathan N. Schildkraut* argued the cause for the appellant.

Per Curiam. On October 2, 1948, defendant signed a contract agreeing to paper 75 to 80 rooms in the Milner Hotel at Trenton for which he was to receive $14 per room and $50 for the lobby. The plaintiff papered the lobby and two rooms and submitted a bill for $78 to the defendant, which was paid. Then the plaintiff papered nine more rooms and submitted a bill for $252 or $28 per room. The defendant refused to pay this amount and corrected the bill to read $126, but the plaintiff rejected the correction. The plaintiff ceased work as a result of this dispute and subsequently brought suit alleging an agreement, the defendant's breach thereof, and requested $500 to cover the reasonable value of the work and labor performed and loss of profit. In its answer the defendant admitted an agreement, but alleged that it was for $14 per room and $50 for the lobby, and that it had been breached by the plaintiff. By way of counterclaim the defendant asked for $1,000 for damages resulting from the plaintiff's refusal to perform the work at the contract price.

At the commencement of the trial when defendant's counsel objected to the introduction of parol evidence as to the agreement between the parties, plaintiff's counsel announced, "There is a written contract in this case, but I am proceeding on the theory of *quantum meruit.*" Over objection the court permitted the plaintiff to continue, and he testified that an oral agreement had been entered into whereby he was to receive $28 for large rooms, $14 for small rooms and $80 for the lobby. He asserted that he signed the written contract without reading it, not having his glasses on at the time and that the defendant tricked him into signing it. At the conclusion of the plaintiff's case the defendant's motion for judgment was denied. The defendant then proceeded to introduce proof as to the written contract, the plaintiff's breach thereof and the amount of its loss. Thereafter the trial court dismissed the counterclaim and awarded the plaintiff judgment for $200. On appeal the Appellate Division affirmed. Surmising that the $200 judgment had been computed by allowing $14 for each of the nine rooms and the balance for materials left on the premises and interest it concluded that the judgment was based on the written contract and not on an oral one or on *quantum meruit,* and that the defendant's objection to the admission of oral testimony to establish the agreement was premature since the written contract was not then in evidence. As to the counterclaim it held that the defendant had failed to prove that the plaintiff breached the contract. Certification was granted on the defendant's petition.

We are of the opinion that the judgment under review cannot be sustained. Having pleaded an express contract, the plaintiff cannot without showing a rescission, recover on *quasi*-contract. "It is a "well settled rule that an express contract excludes an implied one. An implied contract cannot exist when there is an existing express contract about the identical subject. The parties are bound by their agreement, and there is no ground for implying a promise. It is only when the parties do not agree that the law interposes and raises a promise. When an express contract exists, there must be a rescission of it before the parties will be remitted to the

contract which the law implies, in the absence of that agreement which they made for themselves." *Voorhees v. Executors of Woodhull,* 33 *N. J. L.* 494, 496-497 (*E. & A.* 1869); *Osterling v. Cape May Hotel Co.,* 82 *N. J. L.* 650, 653 (*E. & A.* 1912); *Pericin v. Denburg's Modern Bakery,* 130 *N. J. L.* 547, 553 (*E. & A.* 1943). Moreover, the plaintiff's evidence did not even support recovery on the theory of *quantum meruit,* for he introduced no testimony as to the reasonable value of the services rendered.

█ Nor can the judgment appealed from be supported on the supposition that it was actually based on the written contract, as the Appellate Division held. Not only did the plaintiff specifically disclaim any recovery on that basis, but the written contract was not in evidence at the time of the defendant's motion for judgment.

The judgment is reversed and the cause remanded for a new trial.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.