42 N.J. Super. 377 (1956)
126 A.2d 654
MAX SHAPIRO, PLAINTIFF-RESPONDENT,
v.
JACK SOLOMON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1956.
Decided November 9, 1956.
*380 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Jack Solomon argued the cause for defendant-appellant, pro se.
Mr. Ralph N. Solodar argued the cause for plaintiff-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
The amount in controversy on this appeal is only $250 but acceptance of the implications of defendant's arguments in support of a reversal, advanced with some color of authority in two recent Supreme Court opinions, would threaten marked retrogression in the application of R.R. 4:8-5(b), permitting the statement of inconsistent and alternative claims in a pleading.
The action was brought in the Essex County District Court and the complaint is in two counts. The first alleges an agreement pursuant to which plaintiff was to do certain carpentry work for the defendant upon designated real property at a price of $420; that plaintiff rendered services pursuant to the agreement from October 28, 1955 until November 4, 1955 when he quit upon being advised by defendant that he would pay only $120 for the work. Judgment therefore is demanded in the sum of $420. The second count is "for the reasonable value of work, labor and services performed on behalf of the defendant," in the sum of $276.
Plaintiff testified he negotiated the agreement with defendant's father, an admitted agent, for $140 per bathroom, or a total of $420 (for three rooms), subsequently *381 reduced to $400. Proofs adduced by defendant were to the effect that the price for the entire job was to be $140, later reduced to $120. The value of the work actually done by plaintiff and a helper was disputed but plaintiff offered evidence supporting a value of $276. The basis for the parties' misunderstanding is obvious. The trial judge, sitting without a jury, found as a fact "that there was no meeting of the minds with respect to the price of the work to be performed." He went on to determine that, "neither side having sustained the burden of proof in this respect * * * no contract, in fact, existed between the parties" and judgment was entered for plaintiff for $250 "on the basis of quantum meruit."
Defendant made motions at the beginning and end of the trial to compel election by the plaintiff as between the two counts but the trial court did not rule upon them. Neither of these rulings is expressly made a point of appeal.
Defendant makes three points in contending for a reversal: (1) having pleaded an express contract plaintiff cannot recover in quantum meruit; (2) having offered proof only of an express contract and relied thereon through the trial it cannot have recovery in quantum meruit; (3) the ruling of the court improperly shifted the burden of proof to the defendant. We consider these contentions in the order stated.
Long before the adoption in this State of the new practice rules in 1948 the principle of pleading alternative and inconsistent claims was well known to New Jersey practice both at law, Harris, "Pleading and Practice in New Jersey" (rev. ed. 1939), § 333, p. 338; S.C.R. 53 (1938); and in Chancery, Chancery Rule 53. See Tentative Draft Comment on proposed Rule 3:8-5(b), now R.R. 4:8-5(b), Schnitzer and Wildstein, N.J. Rules Service, A-IV-165 to 168. Pleading both an express and an implied contract in reference to the same transaction is commonplace throughout the country under statutory provisions and independently thereof, 17 C.J.S., Contracts, § 569, p. 1205, and it was familiar practice in this State even prior to 1948, Fiedler *382 Corp. v. Manufacturer's Development Co., 108 N.J.L. 364 (E. & A. 1932), where the court said (at page 367): "The plaintiff was entitled to base its right of recovery on the alternative theories asserted. Recovery was not sought on both but on one or the other. This is proper under the Practice Act (rule 37)."
Modeled upon Federal Civil Rule 8(e), 28 U.S.C.A., R.R. 4:8-5(b) provides:
"(b) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. * * *"
It is clear that alternative pleading of inconsistent claims is now not only permissible but that "the policy of the new practice contemplates that the Superior Court litigant * * * should initially plead any legal and equitable claims or defenses, whether or not consistent, supporting his position in the controversy and seek all legal or equitable remedies which he may desire * * *," Ajamian v. Schlanger, 14 N.J. 483, 485 (1954); and see Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136, 149 (1949). Aside from the reference to "equitable grounds," the cited rule is applicable to practice in the county district courts. R.R. 7:1-3, 5:2-1. There is nothing in the language of R.R. 4:8-5(b) or in its underlying functional policy which precludes its application by way of pleading inconsistent factual as well as legal claims where uncertainties of proof indicate to the pleader in good faith that it is necessary to do so; see Young v. George C. Fuller Contracting Co. Inc., 12 N.J. Super. 554, 557, 558 (Law Div. 1951). Indeed the pleading of alternative factual versions of a claim is a most common application of the practice and frequently essential to the ultimate vindication of justice. As is stated by McDonald in his "Alternative Pleading in the United States," 52 Col. L. Rev. 443, 460 (1952):
*383 "Essentially, a pleading is merely an assertion of propositions which the pleader believes will receive the seal of verity from the fact finder at the trial. The need for freedom to assert alternatives rests on the common difficulty of anticipating which of the crucial propositions thus will be stamped as true. * * *
Despite the contention that contrary propositions cannot rationally be alleged, it is a pleader's uncertainty which prompts his statement of alternatives, and his uncertainty is usually justifiable. In some situations it is inescapable  and is so recognized by courts which ordinarily frown on contrary alternatives. The facts may be solely within the opponent's knowledge, or a party may be `absolutely dependent upon the testimony of witnesses as to matters not within his personal knowledge.' But in practice, whenever there exists a genuine clash on the evidence a party may think he knows the facts but cannot be sure what someone else will testify are the facts, or what someone else will believe and thus find are the facts."
Before turning to the effort of the defendant to nullify the application of the foregoing pleading principles to the present case we pause to indicate that there is no difficulty in approving the assessment of liability by the trial court, on the basis of its finding of facts, under substantive rules of contract law.
It is elementary, of course, that the rendition of services at the request of another, under circumstances which negative the idea that they were gratuitous, creates an obligation implied from the request to pay what the services are reasonably worth. Colloty v. Schuman, 76 N.J.L. 502, 504 (E. & A. 1908); Rabinowitz v. Massachusetts Bonding & Insurance Co., 119 N.J.L. 552, 556 (E. & A. 1938). This is an example of a contract implied in fact. It is equally clear that where an express contract for work or services is abortive for mistake, statute of frauds, impossibility, or invalidity for other reasons, the plaintiff not being at fault, he may have recovery for the value of his services, the correct theory being quasi-contract, but sometimes finding expression in terms of implied contract. 5 Williston on Contracts (1937), § 1479, p. 4133, § 1480, pp. 4134, 4135. As particularly applied to the case at hand, the quasi-contract theory of recovery, rather than that of implied contract, is the appropriate one as the obligation is one the law imposes as a matter of justice to prevent unjust *384 enrichment, Williston, ibidem, and there is no actual factual basis for an implication of intent to pay the reasonable value of the services, each of the parties having had a specific, but different, price in mind for the work. Winfield, "Quasi-Contract for Work Done," in "Select Legal Essays" (1952), pp. 218-225; Fridman, "The Quasi-Contractual Aspects of Unjust Enrichment," 34 Can. B. Rev. 393 (1956), passim; see Perlberg v. Geminder, 20 N.J. Super. 191, 195 (App. Div. 1952).
It is specifically held, within the general principles stated, that where the minds of parties seeking to contract fail to meet, and services are rendered under the assumption that there is a contract, an obligation to pay the reasonable worth thereof will ordinarily be raised by the law. 58 Am. Jur., Work and Labor, § 36, p. 540; Vickery v. Ritchie, 202 Mass. 247, 88 N.E. 835, 26 L.R.A., N.S. 810 (Sup. Jud. Ct. 1909); cf. Glazer v. Lerman, 330 Mass. 673, 116 N.E.2d 569 (Sup. Jud. Ct. 1953). This, obviously, is the case sub judice. The trial court justifiably found that the minds of these parties did not meet. Plaintiff did not intend to do the work for $120 nor defendant to pay $420. Under the finding of the court neither was at fault and an allowance to plaintiff of the actual value of the work, which it is not denied did in fact benefit the defendant, appears to accord with basic justice.
In view of all the foregoing it would be startling if the first contention advanced by defendant, as stated above, were required to be sustained by authority of either of the Supreme Court cases he cites, Moser v. Milner Hotels, Inc., 6 N.J. 278 (1951), and C.B. Snyder Realty Co. v. National Newark & Essex Banking Company, 14 N.J. 146 (1953).
In the Moser case an express contract had been entered into by the parties but the plaintiff attempted to establish an oral agreement differing from the written contract as to price. He had, however, pleaded only the express agreement and he stated on the opening at the trial that notwithstanding there was a written contract he was proceeding on quantum meruit. Defendant moved for judgment at the end of plaintiff's *385 case and the motion was denied. The Supreme Court reversed a judgment for plaintiff because the contract was not in evidence when the defendant moved for judgment; in other words, the only contract pleaded was not proved. Although the court said (6 N.J., at p. 280) that: "having pleaded an express contract, the plaintiff cannot without showing a rescission, recover on quasi-contract. It is a `well settled rule that an express contract excludes an implied one. An implied contract cannot exist when there is an existing express contract about the identical subject * * *,'" it is clear from the cases cited by the court that it was merely applying the rule that where it appears that there is in fact a legally subsisting express contract the law will not imply an agreement concerning the same subject matter. See, e.g., Voorhees v. Executors of Woodhull, 33 N.J.L. 494, 496-497 (E. & A. 1869). There is no proper basis for reading into the Moser case any prohibition of the pleading in alternative counts of a claim on an express contract and one for the reasonable value of services rendered for the defendant. The prerequisite of rescission does not obtain if the express contract is void, Hudson City Contracting Co. v. Jersey City Incinerator Authority, 17 N.J. 297, 310 (1955); similarly where, as here, there was no contract at all because no meeting of the minds.
In the C.B. Snyder Realty Co. case, supra, there was an action to recover, inter alia, for brokerage services allegedly rendered one of the defendants. The first count was on an express contract to pay $200,000, and the second count was laid upon the theory of quantum meruit. Summary judgment was entered by the trial court in favor of the defendants. The Supreme Court sustained the judgment in respect to the second count for the reason that it expressly incorporated by reference paragraph 24 of the first count, which had specifically pleaded the express contract. It thus held, in effect, that since the express contract was being relied upon in both counts there was no basis for the theory of quantum meruit. This, again, is not the present case.
Consequently neither the Moser nor the Snyder case impugns the result here challenged by mere reason of the *386 pleading of the express contract in the first count of the complaint.
Defendant's second contention is equally insupportable. Since the theory of pleading inconsistent claims in such a situation as this is to lay a comprehensive basis for recovery as against any foreseeable eventuality in respect to the development of the factual issues at the trial or as to any potential finding of fact by the court, a plaintiff was not formerly, Fiedler Corp. v. Manufacturer's Development Co., supra (108 N.J.L., at page 369), and is not now, required to elect his theory of recovery and thereby gamble on the outcome of the trial findings, Moore's Federal Practice (1948), § 8.32, pp. 1707, 1708; 17 C.J.S., Contracts, § 569c, p. 1205; Schnitzer and Wildstein, op. cit., supra, A-IV-170; Barrick v. James, 312 Ky. 463, 227 S.W.2d 909 (Ct. App. 1949). To be distinguished, of course, is the case where inconsistent remedies for a given factual grievance are sought in a single action, as for rescission of a contract and damages for its breach in a case of fraud. Since the court cannot grant both remedies the plaintiff may be required to elect at the close of the proofs. See Ajamian v. Schlanger, supra (14 N.J., at page 490). It should be emphasized, however, that the latitude and flexibility thus afforded a plaintiff in the presentation of his case assumes that he is unable in good faith to make an earlier definitive choice of position, as each litigant is entitled to such early apprisal of his adversary's precise position as the circumstances of the litigation will reasonably admit. See Grobart v. Society for Establishing Useful Manufactures, supra (2 N.J., at page 149); cf. Schlossberg v. Jersey City Sewerage Authority, 15 N.J. 360, 369, 370 (1954).
Defendant's last contention, that the trial court erroneously shifted the burden of proof to him, is not well founded. The ruling of the trial court might be paraphrased in this manner. Plaintiff had the burden of proof on the express contract count. Having failed to sustain it, the only remaining matter requiring determination, from plaintiff's viewpoint, was whether the alternative obligation of *387 the defendant as a matter of law to pay the reasonable value of the services rendered by plaintiff to defendant was adequately founded upon proof of circumstances negativing any intention that the services were gratuitous. This was obvious and uncontested. The obligation to pay reasonable value would then descend upon defendant, under the authorities cited above, unless he could escape it by showing that there was, indeed, an express contract, but at the price asserted by him, rather than plaintiff. In this respect, however, his position is in the nature of an affirmative defense and he bears the burden of proof. The burden was not here sustained to the satisfaction of the trial court.
Judgment affirmed.