# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL INDUSTRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  N19C-04-258 MMJ CCLD |
| | ) | |
| THE NESLEMUR COMPANY, | ) | |
| | ) | |
| Defendant | ) | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | ) | |
| | ) | |
| THE NESLEMUR COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. 2020-0461 MMJ |
| | ) | |
| AMERICAN INTERNATIONAL INDUSTRIES, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 23, 2020
Decided:  December 10, 2020

ON THE NESLEMUR COMPANY'S
MOTION FOR PRELIMINARY INJUNCTION
**GRANTED**

## <u>CORRECTED\* OPINION</u>

Seth J. Reidenberg, Esquire (Argued) Tybout Redfearn & Pell, Wilmington, Delaware, *Attorneys for American International Industries*

Robert J. Katzenstein, Esq.,\* Smith Katzenstein Jenkins, LLP, Wilmington, Delaware, and Patrick F. Hofer, Clyde & Co US LLP, (Argued) Washington, DC *Attorneys for the Defendant, The Neslemur Company*

**JOHNSTON, J**
\*Correcting the spelling of Mr. Katzenstein's name and adding that Mr. Hofer argued.

1

## PROCEDURAL CONTEXT

Defendant The Neslemur Company ("Neslemur") seeks to enjoin Plaintiff American International Industries ("AII") from continuing in other courts to litigate claims first filed in Delaware. Litigation in other jurisdictions involves tort claims based on asbestos-contaminated talcum powder. This action pending in Superior Court is grounded in breach of contract, and requests declaratory relief.

AII acquired certain assets from Neslemur. The Asset Purchase Agreeement ("APA") provides that AII did not acquire any of Neslemur's pre-existing liabilities or assume liability for any defective products made or sold by Neslemur prior to August 13, 1987. The APA also requires Neslemur to indemnify and hold AII harmless for any liability AII did not assume.

AII is a named defendant in tort lawsuits in jurisdictions including California, New Jersey, Pennsylvania, North Carolina and New York. AII has asserted crossclaims or third-party claims against Neslemur. AII claims entitlement to contractual, statutory, equitable, or common law indemnification and contribution, as well as declaratory relief.

AII filed suit in Delaware Superior Court on January 17, 2019. Neslemur has moved to dismiss AII's crossclaims and third-party claims in all other jurisdictions. Neslemur filed an action in the Delaware Court of Chancery on June 11, 2020, seeking to enjoin AII from pursuing crossclaims or third-party claims in courts outside of Delaware. By Order dated July 28, 2020, Chief Justice Seitz of the

Delaware Supreme Court designated Superior Court Judge Mary M. Johnston to sit in the Court of Chancery for the purpose of hearing all equitable matters asserted in this action and the consolidated Court of Chancery case C.A. No, 2020-0461-JTL.

Following oral argument on September 30, 2020, this Court requested additional briefing on three issues that were not previously addressed. First, whether common law or statutory indemnification is available in the relevant non-Delaware jurisdictions, if contractual indemnification is denied. Second, whether Neslemur is a necessary party in a tort case for AII to take advantage of the product line exception to successor liability. Third, whether there is any Delaware authority for the imposition of an anti-claim injunction, as opposed to an anti-suit injunction.

## ANTI-SUIT INJUNCTION STANDARD

In order to obtain a preliminary injunction, the plaintiff must demonstrate: (1) a reasonable probability of success on the merits; (2) that irreparable harm will occur absent the injunction; and (3) that the balance of the equities favors granting the injunction.[1]

The purpose of an anti-suit injunction is: (1) to address a threat to the court's jurisdiction; (2) prevent evasion of an important public policy; (3) prevent a multiplicity of suits; or (4) protect a party from vexatious or harassing litigation.[2] Anti-suit injunctions should be entered sparingly. Such relief is appropriate only

---

[1]Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc., 506 A.2d 173, 179 (Del. 1986).
[2]*In re: TransPerfect Global, Inc*, 2019 WL 5260362, at *14 (Del. Ch.).

where there is clear evidence of threatened irreparable harm, equity supports the injunction, the relief will be effective, and comity has been fully exercised.[3] The Court's power to enjoin the prosecution of a proceeding in another jurisdiction is discretionary, and must be exercised cautiously.[4] Nevertheless, as a general matter, all claims arising from a single chain of events should, where practicable, be adjudicated in a single action in a forum having jurisdiction over all parties and capable of doing prompt and complete justice.[5]

## ANALYSIS

AII filed this Superior Court action against Neslemur seeking indemnification. Subsequently, AII brought claims against Neslemur in other jurisdictions. Neslemur argues that the other actions request the same relief from Neslemur as in this Delaware suit.

AII counters that Neslemur has failed to establish: (1) a reasonable likelihood of success on the merits; (2) that imminent, irreparable harm will result if a preliminary injunction is not granted; and (3) that the balance of equities does not favor a preliminary injunction.

AII argues that injunctive relief would be useless because it would not stop the tort plaintiffs from litigating their claims. Discovery, motions and trial would still proceed. Additionally, the non-Delaware cases are not mirror-images of this

---

[3]*North River Ins. Co. v. Mine Safety Appliances Co.*, 2013 WL 6713229, at *1 (Del. Ch.).
[4]*Ivanhoe Partners v. Newmont Mining Corp.*, 1988 WL 34526, at *3-4 (Del. Ch.).
[5]*Household Intern., Inc. v. Eljer Industries, Inc.*, 1995 WL 405741, at *1 (Del. Ch.).

4

action.  The other cases include claims for statutory and common law indemnification, as well as for contribution.  In California and New Jersey, Neslemur faces potential liability under the product line exception to successor liability.[6]

Neslemur responds that although AII pleads additional theories of recovery outside Delaware, AII still seeks the same relief --- reimbursement for any liability for products sold before August 13, 1987.  This Court is being asked to determine the parties' obligations under the APA.  Neslemur argues that AII cannot be entitled to more than this Court ultimately determines is due pursuant to the APA.

### *Common Law or Statutory Indemnification* *Where Contractual Indemnification Exists*

In *BE & K Engineering Company, LLC v. RockTenn CP, LLC*,[7] the Court of Chancery found that an anti-suit injunction was appropriate for claims that "necessarily implicate" an agreement at issue in the Delaware Court.  The Court of Chancery held that it was not a requirement that the claims "expressly invoke" the agreement.  "The critical issue is whether the claim arises out of or relates to the [agreement]."[8]

---

[6]For example, the elements of the product line exception in California are: "(1) the virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business, (2) the successor's ability to assume the original manufacturer's risk-spreading role, and (3) the fairness of requiring the successor to assume a responsibility for defective products that was a burden necessarily attached to the original manufacturer's good will being enjoyed by the successor in the continued operation of the business."  *Ray v. Alad Corp.*, 19 Cal.3d  22, 31 (Cal. 1977).
[7]2014 WL 186835 (Del. Ch.).
[8]*Id.* at *25.

As a general matter, courts permit alternative pleading of common law or statutory indemnification along with claims of contractual indemnity. However, all relevant jurisdictions follow the maxim that where the terms of an applicable contract address indemnification obligations, the contract controls.[9]

The Court finds that the APA specifically addresses the issue of indemnification. Without deciding the merits of this pending Delaware case, for purposes of the motion for preliminary injunction, the Court finds it reasonably likely that the APA will control the issue of indemnification. Thus, the alternatively-pled claims of common law and statutory indemnification will in all likelihood not be the subject of independent judicial scrutiny.

### *Product Line Exception to Successor Liability*

Both parties have offered case precedent supporting the proposition that when a predecessor is a named defendant, courts consider that factor in determining whether the plaintiff has a remedy against the predecessor company. However, no authority has been presented supporting the proposition that the predecessor entity ***must*** be joined for the exception to be considered.

Of course, AII would prefer to have Neslemur as a party in the personal injury actions as evidence that AII is not liable. It may well be that having Neslemur as a

---

[9]*See Hinson v. United Fin. Servs., Inc.*, 123 N.C. App. 469, 473 (N.C. App. 1996); *Rossmoor Sanitation, Inc. v. Pylon*, *Inc.*, 532 P.2d 97, 100-101 (Cal. 1975); *Moser v. Milner Hotels*, 78 A.2d 393, 394 (N.J. 1951).

party would be the most effective way to prevent the tort plaintiffs from asserting the product line exception against AII.

Nevertheless, the Court finds that none of the relevant jurisdictions require that Neslemur be joined as a party for AII to prevail on the product line exception. In the same way other liability can be apportioned among parties and non-parties, a court could find the product line exception to successor liability applicable in favor of a party and against a non-party.

### *Anti-Claim Injunction*

Neither party provided any Delaware authority distinguishing between an anti-suit injunction and an anti-claim injunction. This appears to be an issue of first impression. The most obvious analysis is to apply the same standards to both forms of relief (if indeed they are different in substance).

The issue directly before this Court is entitlement to indemnification. The Court finds that the crossclaims and third-party claims in other jurisdictions present the potential for judgments inconsistent with the outcome of the Delaware litigation.

AII first sought indemnification relief against Neslemur in this Court. Subsequently, AII brought Neslemur into multiple cases in several other jurisdictions, through crossclaims and third-party claims on the basis of entitlement to indemnification. Neslemur contends that it will suffer harm if forced to litigate the same issue in multiple jurisdictions. Further, Neslemur argues that the balance of equities weighs in favor of injunctive relief.

7

Should Neslemur obtain a preliminary injunction, Neslemur will be foreclosed from arguing the merits of the tort claims in other jurisdictions. Should AII be found liable, and if this Court ultimately determines that Neslemur must indemnify AII, in all likelihood such liability would be *res judicata*. During oral argument, Neslemur acknowledged the probability that it would be unable to later dispute those courts' holdings as to the underlying tort liability — as to both factual finding and legal rulings.

In *Walt Disney Company Derivative Litigation*,[10] the Court of Chancery found:

> In short, I do not believe that equity or fairness is served by allowing plaintiffs' counsel to repudiate the jurisdiction in which they have deliberately chosen to litigate, a jurisdiction they selected while fully aware of the convenience and efficiency concerns that they now invoke as grounds for suspending operations on the Delaware front and moving to an alternative battle ground. One must wonder what theory or judicial efficiency or comity would promote a rule that encourages plaintiffs' counsel to file in multiple jurisdictions, force defendants to commit resources from coast to coast, and then allow plaintiff's counsel, at their own whim, to move the lines of battle after they have already begun to form?[11]

This Court finds that the concerns and reasoning expressed in *Walt Disney* also apply in this instance.

---

[10] 1997 WL 118402 (Del. Ch.).

[11] *Id.* at *3.

8

## CONCLUSION

The Court finds that the APA specifically addresses the issue of indemnification. Without deciding the merits of this pending Delaware case, for purposes of the motion for preliminary injunction, the Court finds it reasonably likely that the APA will control the issue of indemnification. Thus, claims of common law and statutory indemnification, alternatively pled in other jurisdictions, will in all likelihood not be the subject of independent judicial scrutiny.

Additionally, the Court finds that none of the relevant jurisdictions require that Neslemur be joined as a party for AII to prevail product line exception. In the same way other liability can be apportioned among parties and non-parties, a court could find the product line exception to successor liability applicable in favor of a party and against a non-party.

Further, equity or fairness would not be served by allowing AII to repudiate this jurisdiction, in which they have deliberately chosen to litigate.

The Court finds that an anti-suit injunction is necessary to protect Neslemur from "vexatious or harassing litigation."[12] Neslemur has established that it has a reasonable likelihood of succeeding on the merits of its arguments that the APA governs the issue of indemnity (rendering moot consideration of common law, statutory, or equitable indemnification); that imminent, irreparable harm will result if the injunction is not granted and Neslemur is required to participate in duplicative

---

[12]*See In re: TransPerfect Global, Inc*, 2019 WL 5260362, at *14 (Del. Ch.).

litigation in multiple jurisdictions; and the balance of the equities favors granting the injunction.[13]

**THEREFORE,** Neslemur's Motion for Preliminary Injunction is hereby **GRANTED. An anti-suit/anti-claim injunction is hereby granted for all indemnification claims asserted by AII against Neslemur in all juridictions outside the State of Delaware.**

**IT IS SO ORDERED.**

___/s/ Mary M. Johnston_____
The Honorable Mary M. Johnston

---

[13]*See Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173, 179 (Del. 1986).