Leonard J. Monti *v.* City of Pittsburgh, Peter Flaherty, Robert Colville, Albert Mills and John Doe, Appellants.

Argued May 6, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellants.

*Dennis J. Clark,* with him *Thomas A. Livingston,* for appellee.

OPINION BY JUDGE BLATT, October 6, 1976:

The City of Pittsburgh (City), Peter Flaherty, Robert Colville, Albert Mills, and John Doe (appellants) appeal from an order of the Court of Common

Pleas of Allegheny County which sustained preliminary objections in the nature of a demurrer to the appellants' amended counterclaim.

Leonard J. Monti (Monti) had been employed by the City as a police officer for more than 16 years when, on January 14, 1972, he was notified by letter that he was being dismissed, effective January 17, 1972, because his employment was in violation of City Ordinances requiring City employes to reside within the City. In response to this action, Monti brought a civil rights suit in the United States District Court for the Western District of Pennsylvania, and that court ordered that he be reinstated. The court held that the appellants had denied him due process by not holding a dismissal hearing. The court refused, however, to order the payment of back wages, stating that such claim cannot be enforced under the Civil Rights statutes. Monti then instituted this action against the appellants in the Court of Common Pleas of Allegheny County to recover the wages which he had lost between the date of his dismissal and the date of his reinstatement. The appellants counterclaimed, averring that Monti was not a resident of the City; that this nonresidency was a breach of the collective bargaining agreement which covered his employment; and that the City was therefore entitled to reimbursement for all monies previously paid to Monti while he was not a City resident. The lower court, acting upon Monti's preliminary objections, found the counterclaim to be lacking in specificity and sustained the preliminary objections with leave to amend. The appellants then filed an amended counterclaim to which Monti filed preliminary objections in the nature of a demurrer which the lower court sustained, holding that the amended counterclaim had failed to state a cause of action. This appeal followed.

In an appeal from the upholding of preliminary objections in the nature of a demurrer, every well pleaded material fact set forth in the pleading to which the demurrer is addressed, as well as the inferences reasonably deducible therefrom, are admitted. *Trimble Services, Inc. v. Franchise Realty Interstate Corporation*, 445 Pa. 333, 285 A.2d 113 (1971); *Mellon Square Garage, Inc. v. Public Parking Authority of Pittsburgh*, 442 Pa. 229, 275 A.2d 654 (1971). Any conclusions or averments of law which appear in the pleading, however, need not be accepted as true. *Kovach v. Toensmeier Adjustment Service, Inc.*, 14 Pa. Commonwealth Ct. 214, 321 A.2d 422 (1974).

To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery and, where any doubt exists as to whether or not the preliminary objections should be sustained, that doubt should be resolved by refusing to sustain the objections. *Schott v. Westinghouse Electric Corporation*, 436 Pa. 279, 259 A.2d 443 (1969). The question before us is, therefore, whether or not we can say without doubt that the appellants have failed to plead facts sufficient to establish a legal action.

The appellants have based their counterclaim on the Collective Bargaining Agreement (agreement) which required Monti, as a condition of his City employment, to reside within the City. The failure to meet that condition (Monti's nonresidency), however, in the absence of an express provision in the agreement to the contrary, did not create any contractual rights upon which the appellants could assert a claim for monetary damages. *See Appeal of Edwin J. Schoettle Co.*, 390 Pa. 365, 134 A.2d 908 (1957); *Martz v. Continental Casualty Company*, 141 Pa. Superior Ct. 187, 14 A.2d 863 (1940); 3 A *Corbin on Contracts* §633 (1960). And, even if the nonresidency

could have furnished the appellants with grounds for dismissal, it would not follow that they could also assert a claim for monies thereby paid to Monti in exchange for his services as an employee, while he at the same time lived outside the City. The appellants here were clearly obligated to pay for Monti's services under the theory of *quantum meruit,* which implies a promise to pay for services performed and accepted despite the nonoccurrence of a condition to the contract. *See Winton v. Amos,* 255 U.S. 373 (1920); *Mead v. Ringling,* 266 Wis. 523, 64 N.W. 2d 222 (1954); *Shapiro v. Solomon,* 42 N.J. Super. 377, 126 A.2d 654; *cf. Colish v. Goldstein,* 196 Pa. Superior Ct. 188, 173 A.2d 749 (1961). The appellants, therefore, having paid Monti his just due for services rendered and accepted, have no right now to recover such payment. We must conclude, therefore, that the appellants have not pleaded a cause of action.

We, therefore, issue the following

ORDER

AND Now, this 6th day of October, 1976, the order of the Common Pleas Court of Allegheny County sustaining Leonard J. Monti's preliminary objections in the nature of a demurrer and dismissing the appellants' counterclaim is hereby affirmed.