520 A.2d 913

C. Allen Miller, et al. *v.* Roger Emelson et al., and Ronald N. Watzman, et al.

Thomas J. Webb *v.* Roger Emelson, et al., and Ronald N. Watzman, et al.

C. Allen Miller, et al., Appellants.

Argued October 9, 1986, before Judges BARRY, COLINS (P) and PALLADINO, sitting as a panel of three.

*Richard J. Schubert, Caroselli, Spagnolli & Beachler,* for appellants.

*Barbara Burson Rutt,* with her, *Phillip J. Binotto, Jr., Binotto & Sweat,* for appellees.

OPINION BY JUDGE PALLADINO, February 3, 1987:

Thomas J. Webb, C. Allen Miller, Kathleen Hodgson, Ervin Cross and Rose Marie Cross (Appellants) appeal from an order of the Court of Common Pleas of Washington County (trial court) which granted the summary judgment motions of the California Area School District (School District) and of Roger Emelson, Joseph DeBlassio, Jr., Kenneth L. Downer, Edgar Delbarre (School Directors). We affirm as to School District but reverse as to School Directors.

A teachers' strike took place in the California Area School District during the 1982-83 school year. School District's solicitor filed criminal charges in January, 1983 against Appellants, teachers in the district, alleging harassment, threats of and actual physical violence, and property damage. The charges were dismissed by a district justice on May 5, 1983.[1] Appellants, on September 11, 1984, filed actions for malicious prosecution against School District, School Directors and Oliver Hormell, School District's solicitor.

School District moved for summary judgment under the Political Subdivision Tort Claims Act (Act),[2] which motion the trial court granted. School Directors moved for and were granted summary judgment on the grounds that the claims against them were not filed within the six month time limitation of 42 Pa. C. S. §5522(b)(1).

Appellants, on appeal, contend that School District is not protected by the general immunity of Section

---

[1] One of the nine charges against Thomas J. Webb, simple assault, was not dismissed.

[2] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§5311.101-5311.803, repealed and substantially reenacted by the Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa. C. S. §§8541-8564.

8541 of the Act[3] and that the six month commencement of action limitation of 42 Pa. C. S. §5522(b)(1) is not applicable to School Directors because (1) School Directors had actual notice of the incident on which the malicious prosecution actions are based, and (2) 42 Pa. C. S. §5524 contains the filing limitation applicable to malicious prosecution actions.[4]

Our scope of review of the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Peters Township School Authority v. United States Fidelity and Guaranty Co.*, 78 Pa. Commonwealth Ct. 365, 467 A.2d 904 (1983).

## SUMMARY JUDGMENT IN FAVOR OF SCHOOL DISTRICT

To support their claim that School District is not protected by the general immunity of Section 8541 of the Act, Appellants contend that Section 8550 of the

---

[3] 42 Pa. C. S. §8541.

We note, and Appellants do not contest, that School District is a local agency entitled to the general immunity under the Act. *Gilbert v. School District of Philadelphia*, 98 Pa. Commonwealth Ct. 282, 511 A.2d 258 (1986).

[4] 42 Pa. C. S. §5522(b)(1) states:

Commencement of action required.—The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any governmental unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

42 Pa. C. S. §5524 states, in pertinent part:

The following actions and proceedings must be commenced within two years:

(1) an action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

42 Pa. C. S. §5524(1).

Act[5] provides an exception to immunity when wilful misconduct is involved. They assert that the phrase "[i]n any action against a local agency or employee thereof," contained in Section 8550, permits an action for malicious prosecution not only against the individual employees of a local agency but also against the local agency itself. This assertion was recently addressed by this Court in *Steiner v. City of Pittsburgh*, 97 Pa. Commonwealth Ct. 440, 444, 509 A.2d 1368, 1370 (1986) where we held that Section 8550 only waives four specific immunities for willful misconduct which pertain to local agency employees and does not affect the immunity of local agencies. Additionally, exceptions to the general immunity of local agencies pursuant to Section 8541 are limited by Section 8542(a) of the Act[6] to injuries caused by negligence. Negligence is defined in Section 8542(a)(2)[7] as not including willful misconduct. *See Mascaro v. Youth Study Center*, 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (1985), *rev'd on other grounds,* Pa. , 523 A.2d 1118 (1987). The actions for malicious prosecution against School District are barred by the general immunity of Section 8541 of the Act.

---

[5] 42 Pa. C. S. §8550 states:
In any actions against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of Section 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

[6] 42 Pa. C. S. §8542(a).

[7] 42 Pa. C. S. §8542(a)(2) states, in pertinent part:
As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

## SUMMARY JUDGMENT IN FAVOR OF SCHOOL DIRECTORS

We now reach Appellants' contention that their actions for malicious prosecution against School Directors are not barred by the six month filing limitation of 42 Pa. C. S. §5522(b)(1). In pertinent part, this section states "[a]n action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this sub-chapter" must be commenced within six months.

Appellants argue that since the six month written notice provision of 42 Pa. C. S. §5522(a)(1), which is a prerequisite to action against a governmental unit, is waived "if the governmental unit had actual or constructive notice of the incident or condition giving rise to the claim," then the six month time limitation of 42 Pa. C. S. §5522(b)(1) should also be waived if the officials had such notice. We find no merit in this contention.

Statutes of limitation are acts of the legislature which express the belief "that where there are wrongs to be redressed, they should be redressed without unreasonable delay." *Ulakovic v. Metropolitan Life Insurance Co.*, 339 Pa. 571, 576, 16 A.2d 41, 43 (1940). Here the legislature determined that six months was a reasonable time. The language of 42 Pa. C. S. §5522(a)(3)(iii) specifically limits the notice waiver to subsection (a);[8] no waiver of the time limitation appears in subsection (b).

Appellants next contend that the time limitation of 42 Pa. C. S. §5522(b) does not apply to an action for

---

[8] 42 Pa. C. S. §5522(a)(3)(iii) states:
Failure to comply with *this subsection* shall not be a bar if the governmental unit had actual or constructive notice of the incident or condition giving rise to the claim of a person. (Emphasis added.)

malicious prosecution because 42 Pa. C. S. §5524 provides a two year time limitation in which an action for malicious prosecution must be commenced.[9] We agree.

The six month time limitation of 42 Pa. C. S. §5522(b) does not apply if the action being brought is "subject to another limitation specified in this subchapter." The subchapter involved is Subchapter B, which includes 42 Pa. C. S. §§5521-5536. Section 5524 falls within Subchapter B and, therefore, the two year time limitation of that section applies to actions for malicious prosecution against government officers, even if they were acting in the execution of their office.

The trial court held that 42 Pa. C. S. §5522(b)(1) barred the actions against School Directors on the basis that Appellants' complaints stated that School Directors were acting in their official capacity. The trial court correctly noted that the six month filing deadline of 42 Pa. C. S. §5522(b)(1) is limited to actions against government officials for acts done within the execution of their office. However, the trial court erred, as a matter of law, in concluding that this limitation means that all actions against officials which are based on acts performed within the scope of their office are subject to this six month time limitation. To do so ignores the language of the statute which limits its effect to actions not subject to specific time limitations.[10] *See Salaneck v. Olena,* 558 F. Supp. 370 (E. D. Pa. 1983).

---

[9] This contention does not appear in Appellants' brief, but both parties addressed it at oral argument.

[10] The trial judge distinguished *Reuben v. O'Brien,* 299 Pa. Superior Ct. 372, 445 A.2d 801 (1982) (which held that an action for malicious libel was subject to the one year limitation of 42 Pa. C. S. §5523(1) and not to the six month limitation of 42 Pa. C. S. §5522(b)(1) on dicta in that opinion which stated that the alleged conduct of the governmental official, if true, exceeded the scope of his office.

It is not contested that Appellants' actions for malicious prosecution accrued on May 5, 1983 when the criminal charges against them were dismissed. Appellants brought their actions on September 11, 1984, prior to the expiration of the two year limitation. Therefore, Appellants' actions against School Directors are not time-barred.

In light of the foregoing analysis, we affirm the grant of summary judgment for School District but reverse as to School Directors.

### ORDER

AND NOW, February 3, 1987, the order of the Court of Common Pleas of Washington County in the above-captioned matter, granting summary judgment, is affirmed in part, as to the California Area School District and reversed in part, as to Roger Emelson, Joseph DeBlassio, Jr., Kenneth L. Downer and Edgar Delbarre.