539 A.2d 910

Colonial School District, Appellant *v.* Romano's School Bus Service, Inc. et al., Appellees

Argued December 17, 1987, before Judges COLINS, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*John J. O'Brien, Jr.,* for appellant.

*Larry Jackson,* with him, *Joseph Goldberg, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer,* for appellees.

OPINION BY JUDGE PALLADINO, March 30, 1988:

Colonial School District (Appellant) appeals from an order of the Montgomery County Court of Common Pleas granting the motion for summary judgment of Romano's School Bus Service, Inc. (Romano's) and William S. Filewicz (collectively Appellees) and dismissing, without prejudice, Appellant's declaratory judgment action against Appellees. We affirm.

Appellant filed this declaratory judgment action as a result of an action filed against it and Appellees by the parents of Philip Cutler (Cutlers) for damages in connection with Philip's death. A brief recital of the facts alleged in the complaint in that case is useful and necessary to understand the genesis of this case.

On December 2, 1983, Philip, a student in the Colonial School District, was killed when he was struck by the school bus he had just exited when crossing in front of the bus to reach his home on the opposite side of the street. The bus was owned by Romano's and driven by its employee, Filewicz. The Cutlers filed suit in trespass (Cutler lawsuit) against Appellant and Appellees. They alleged: (1) Appellees were negligent in their operation of the bus; (2) Romano's was negligent in hiring and training Filewicz; and (3) Appellant was negligent because by allowing Philip to exit on the wrong side of the street, it failed to assure proper school bus routes.

Appellant filed this declaratory judgment action on May 14, 1985 against Appellees. Appellant alleged in its complaint that under the terms of its contract with Romano's to provide bus transportation for Appellant's students, Romano's is required to defend Appellant in the Cutler lawsuit. Appellant requested that the trial court declare that the agreement between it and Romano's requires Romano's to defend it in the Cutler lawsuit.[1] Appellees in their answer to Appellant's complaint denied that the contract between Romano's and Appellant was applicable to the Cutler lawsuit and that even if it were, the contract does not require Romano's to defend Appellant in the Cutler lawsuit. Subsequently, Appellees moved for summary judgment. In its order, dated October 22, 1986, the trial court granted Appellee's motion for summary judgment and dismissed, without prejudice, Appellant's complaint against the Appellees because:

> [G]iven the allegations of Colonial's [Appellant] complaint, the terms of the contract between Colonial and Romano's, and the present status of the litigation in the related action of Cutler v. Filewicz, No. 84-3138, Montgomery County [Cutler lawsuit], the declaratory judgment action brought by Colonial School District against defendants Filewicz and Romano's seeks relief which is advisory in nature and inappropriate for resolution by declaratory judgment.

Our scope of review of a grant of summary judgment is limited to determining if the trial court committed an error of law or a manifest abuse of discretion. *Miller v. Emelson*, 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987). Summary judgment is appropriate when the

---

[1] Appellant also sought to be awarded counsel fees and expenses already incurred in its defense in the Cutler litigation and in the declaratory judgment action.

moving party has established that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *Id.*

On appeal to this court, Appellant contends that the trial court misapplied the law in granting summary judgment because issues of material fact were unresolved. Appellant misunderstands the basis of the trial court's decision in granting summary judgment. The trial court concluded that there was no genuine issue of material fact as to the inappropriateness of Appellant's declaratory judgment action and determined that Appellees were entitled to summary judgment as a matter of law. Therefore our review is limited to a determination of whether the trial court committed an error of law or a manifest abuse of discretion in determining that a declaratory judgment action was inappropriate.

A party seeking declaratory relief must have "a direct, substantial and present interest, as contrasted with a remote or speculative interest." *Kauffman v. Osser*, 441 Pa. 150, 155, 271 A.2d 236, 239 (1970). "Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur." *Chester Upland School District v. Commonwealth of Pennsylvania*, 90 Pa. Commonwealth Ct. 464, 468, 495 A.2d 981, 983 (1985). Declaratory relief is available where an actual controversy exists or is imminent or inevitable. *South Whitehall Township v. Department of Transportation*, 82 Pa. Commonwealth Ct. 217, 475 A.2d 166 (1984).

Appellant specifically refers to paragraph 12 of its agreement with Romano's as establishing its right to be defended by Romano's in the Cutler lawsuit. Paragraph 12 states:

In consideration of a portion of the monies Board [Appellant] must pay to Contractor [Romano's] hereunder and as an inducement for Board to

enter into this contract, Contractor agrees to hold Board harmless from any claim whatever arising from the operation of said vehicles for transportation of Board's students, including claims filed by students, their parents or guardians, or third parties for any reason whatever. Contractor agrees to indemnify Board for any liability or expense it may incur arising from claims by anyone as a result of the transportation of students contemplated by this Agreement, *provided however, that nothing herein shall obligate Contractor to indemnify Board for any act of negligence by the Board.*

(Emphasis added.) The specific allegations made against Appellant in the Cutler lawsuit are found in paragraph 15 of the Cutlers' complaint which states:

Defendant Colonial School District [Appellant] acted in a willful and grossly negligent manner

a.   in hiring and/or contracting with defendants Romano and Filewicz,

b.   in failing to assure that school drivers in the district were qualified and trained,

c.   in failing to terminate Romano, particularly in the face of complaints from parents in the school district, and

d.   in failing to assure assure [sic] proper school bus routes in the district.

The trial court found, and Appellant does not dispute, that a determination of whether Romano's is responsible for Appellant's defense in the Cutler lawsuit is dependent upon whether Appellant committed negligent acts which resulted in Philip Cutler's death. Because the issue of Appellant's negligence had not yet been resolved, the trial court concluded:

No actual controversy exists; Colonial is asking this Court to decide its future rights in anticipa-

tion of the occurrence of a future event (*i.e.* a finding that Colonial was not negligent) which may never occur. There is no need for an immediate decision; indeed, a decision now would be premature.

*Colonial School District v. Romano's School Bus Sevice, Inc.* (No. 85-07772, filed February 12, 1987), slip op. at 5.

We conclude that the trial court was correct in determining, as a matter of law, that declaratory relief was not appropriate. If Appellant is found to have acted negligently in respect to actions which resulted in Philip Cutler's death, Appellant will have no right to be defended by Romano's under the contract between Romano's and Appellant. As this court stated in *South Whitehall Township*, 82 Pa. Commonwealth Ct. at 222, 475 A.2d at 169: "the events which might bring these parties into actual conflict are . . . too remote to justify . . . resolution of this dispute by declaratory judgment."

Accordingly, we affirm.

ORDER

AND NOW, March 30, 1988, the order of the Court of Common Pleas of Montgomery County in the above-captioned case is affirmed.