552 A.2d 316

Raymond Curtis, Patrick Costello, Sherwood Anderson, McKean County Commissioners, Petitioners *v.* John M. Cleland, McKean County President Judge, Connie Eaton, McKean County Treasurer, and Joyce Carr, McKean County Controller, Respondents.

Argued November 2, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, DOYLE, BARRY, COL-INS, PALLADINO and SMITH.

*Stanley E. Pecora, Jr., Pecora, Duke & Babcox,* for petitioners.

*Howard M. Holmes,* with him, *Charles W. Johns,* for respondent, Honorable JOHN M. CLELAND.

*Deborah Wilson Babcock,* with her, *Christian T. Mattie, III, Mutzabaugh, Mutzabaugh, Sanders and Mattie,* for respondents Eaton and Carr.

OPINION BY JUDGE DOYLE, December 27, 1988:

Before us in our original jurisdiction are preliminary objections to a petition for declaratory judgment.[1]

---

[1] The declaratory judgment action was initially filed in the Court of Common Pleas of McKean County. It was later transferred to this Court. The respondents in this case include the President Judge of McKean County. Accordingly, the case is properly heard in our original jurisdiction. *See* Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1), providing that this Court shall have original jurisdiction of all civil actions or proceedings against the

The petitioners are the three County Commissioners in McKean County at the time of the events in question. We are advised that only one of them is currently a Commissioner. Respondent JOHN CLELAND is the President Judge of McKean County. Respondent Connie Eaton is County Treasurer and Respondent Joyce Carr is County Controller and a member of the Salary Board.

This action had its genesis in a decision of President Judge CLELAND to provide employees of the Court's Domestic Relations Division with a one-time salary bonus using funds designated "IV-D" funds which are provided by the Department of Public Welfare to the County Domestic Relations Division. The County Commissioners opposed this idea. President Judge CLELAND, however, entered an administrative order dated October 23, 1986 directing the County Controller to make the bonus payments. The County Commissioners, along with Respondents Eaton and Carr, are required to countersign all checks involving disbursements of County funds. The Commissioners refused to comply with the order and the court issued a rule directing the County Commissioners, the Controller and the Treasurer to show cause why they should not be held in contempt of the order. A hearing was held and on November 19, 1986 the trial court entered an order holding the Commissioners in civil contempt. The Commissioners then purged the contempt by authorizing the checks to be drawn. No appeal was taken from the contempt order.

Subsequently, Petitioners sought a declaratory judgment that the IV-D funds are under the control of the Commissioners rather than under the control of the President Judge. The Commissioners contend that the

"Commonwealth government." "Commonwealth government" is defined to include, *inter alia,* officers of the unified judicial system. Section 102 of the Judicial Code, 42 Pa. C. S. §102.

money issued constitutes "pay" and, hence, is within the jurisdiction of the Salary Board.[2] The President Judge filed three preliminary objections to the declaratory judgment petition and those objections are presently before us.

The first preliminary objection asserts the lack of a justiciable issue. The argument made is that in light of our state Supreme Court's opinion in *County of Allegheny v. Commonwealth*, 517 Pa. 65, 534 A.2d 760 (1987), which held that the state legislature rather than the counties are required to fund the Commonwealth's unified judicial system, the impact of a determination of the instant petition would be uncertainty and our consideration of the issue premature.

The Declaratory Judgments Act[3] is remedial in nature and its purpose is to provide relief from uncertainty and establish various legal relationships. *See* 42 Pa. C. S. §7541(a). In *County of Allegheny,* the Supreme Court stayed its order until the legislature had the opportunity to enact appropriate funding legislation. The legislature has not yet done so. Therefore, no change in the law has actually been effected. Accordingly, we disagree that any uncertainty which presently exists renders the instant question nonjusticiable. Rather, what we have before us is an existing controversy which *may* eventually be rendered moot by legislative action or subsequent interpretation of *County of Allegheny.* We must, however, view the question before us not in terms of what may happen but in terms of the current state of affairs. Therefore, we think the issue presented in the petition is properly justiciable before this Court.

---

[2] The current County Commissioners are members of the Salary Board.

[3] 42 Pa. C. S. §§7531-7541.

Thus, we overrule the preliminary objection pertaining to nonjusticiability.[4]

The second preliminary objection is in the nature of a demurrer. A preliminary objection in the nature of a demurrer admits as true every fact which is well pled and all inferences reasonably deducible therefrom. *Monti v. City of Pittsburgh*, 26 Pa. Commonwealth Ct. 490, 364 A.2d 764 (1976). In ruling upon a preliminary objection in the nature of a demurrer, our role is to determine whether the facts pled are legally sufficient to permit the action to continue. *Cooley v. East Norriton Township*, 78 Pa. Commonwealth Ct. 11, 13 n.3, 466 A.2d 765, 767 n.3 (1983). In order to sustain such a preliminary objection, it must appear with certainty upon the facts pled that the law will not permit recovery. *Monti*. Where any doubt exists as to whether the preliminary objection should be sustained that doubt should be resolved by a refusal to sustain it. *Id*.

The President Judge contends that because of the *County of Allegheny* decision and the uncertainty it created and because the legislature has not yet acted in response to the Supreme Court's order this Court cannot, in deciding the declaratory judgment question, afford relief from uncertainty. Again, we must disagree. As explained previously, until the mandate in *County of Allegheny* is carried out the state of the law is as it was before that decision was rendered. What is uncertain is when the legislature will act. It could do so tomorrow or far into the future. But in the interim, clarification of the current state of the law is needed as is evidenced by the facts pled by Respondents. Accordingly, we conclude that a cause of action has been pled and overrule the preliminary objection in the nature of a demurrer.

---

[4] No preliminary objection on the basis of mootness has been filed. We, thus, do not consider whether the purging of the contempt and the failure to appeal render this action moot.

Within this same preliminary objection, it is assert-
ed that there is no allegation that IV-D funds will be
spent unnecessarily if judicial review is deferred. We
believe this assertion misses the point. If the President
Judge was without authority to issue his order, as Peti-
tioners contend, there has *already* been an unnecessary
or improper expenditure.

The President Judge also contends that because two
of the three current Commissioners are not named in
the suit, necessary parties are absent. We were, howev-
er, advised by counsel for Petitioners during oral argu-
ment that the current Commissioners also seek to have
this question determined and would agree to be substi-
tuted as parties. Further, one of the current Commis-
sioners is, in fact, already a named party. We, thus, do
not view the absence of the other Commissioners
(which could be cured by adding them to the case) to
be fatal to Petitioners' petition.

Finally, the President Judge preliminarily objects
contending that the instant suit is barred by the doc-
trine of res judicata in that the Commissioners seek now
to attack collaterally the contempt order they never ap-
pealed. For the doctrine of res judicata to apply there
must be a concurrence of four conditions: identity of the
things sued for or upon; identity of the causes of actions;
identity of persons and parties to the actions; and, iden-
tity of the capacity or quality of the parties suing or be-
ing sued. *McCarthy v. Township of McCandless*, 7 Pa.
Commonwealth Ct. 611, 300 A.2d 815 (1973). Had Pe-
titioners appealed from the contempt order, the ques-
tion would have been whether they should have been
held in contempt. And, while their assertion that the
Salary Board had jurisdiction over the money might
have been a defense to contempt proceedings, it would
not have been, as it is here, the actual subject matter of
the lawsuit. There is an identity of causes of action

when both the old and the new proceedings contain the same subject matter and ultimate issues. *Id.* The cause of action here focuses on future expenditures, not funds already disbursed. Because the subject matter and ultimate issues in this case and the contempt proceedings are not the same, the elements of res judicata are not present. Accordingly, that doctrine is inapplicable here and the preliminary objection raising it is, therefore, overruled.

Having thus determined that the preliminary objections are properly overruled, we shall direct that this case continue.

## ORDER

Now, December 27, 1988, the preliminary objections of Respondent President Judge CLELAND in the above-captioned matter are hereby overruled. Respondents are directed to file an answer to the Petition for Declaratory Judgment within thirty days of entry of this Court's order.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I dissent to the majority opinion and would sustain the preliminary objections of President Judge CLELAND to this petition for declaratory relief.

Three preliminary objections have been made to Petitioners' request for a declaratory judgment that IV-D funds are under control of the County Commissioners rather than the President Judge: (1) lack of a justiciable issue; (2) a demurrer; and (3) res judicata bars the action. I object to the majority opinion's resolution of each objection for the following reasons.

### I. JUSTICIABLE ISSUE

At oral argument, counsel for the President Judge withdrew this objection. Therefore, discussion of it is unnecessary.

## II. DEMURRER

I agree with the majority that *County of Allegheny v. Commonwealth,* 517 Pa. 65, 534 A.2d 760 (1987) does not impact on this action. In *County of Allegheny,* the Supreme Court directed the legislature to provide funding for the county courts of common pleas. In doing so, the court recognized that immediate application of its decision was not realistic. The court stayed its judgment to afford the legislature time to act and stated that "[u]ntil this is done, the prior system of county funding shall remain in place." *Id.* at 76, 534 A.2d at 765. However, I disagree with the majority's conclusion that a cause of action has been pled.

Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable. *Colonial School District v. Romano's School Bus Service, Inc.,* 115 Pa. Commonwealth Ct. 87, 539 A.2d 910 (1988). As the majority correctly notes, "our role is to determine if the facts pled are legally sufficient to permit the action to continue." Majority op. at 332. Examination of Petitioners' petition for declaratory relief reveals *no* alleged facts indicating a current, imminent, or inevitable controversy. The only allegations concerning a controversy are found in paragraphs 14 and 15 of Petitioners' petition, which state:

14. That there is an actual and present controversy between the plaintiffs and defendant John M. Cleland, President Judge, regarding control of said [IV-D] funds, with the plaintiffs of the opinion that they, in their capacity as members of the Salary Board, have control of all funds which are used as compensation to County employees, while defendant, John M. Cleland, President Judge, is of the opinion that the court has exclusive control of said funds by virtue of

Article V, §10, of the Constitution of Pennsylvania as enunciated in 204 Pa. Code §29.6(8). . . .

15. That this controversy is of a real and recurrent nature and a clarification of the parties respective rights is necessary.

That the President Judge and Petitioners disagree as to who has control of IV-D funds, sought to be used to compensate court employees, does not create an actual, imminent, or inevitable controversy. Facts that would demonstrate that the President Judge is currently utilizing the funds for compensation or intends to do so must be alleged.

The majority relies on the fact that the President Judge previously did order IV-D funds disbursed to domestic relations division employees. However, no such allegation appears in Petitioners' petition. The reference to this *past* action appears in the President Judge's res judicata preliminary objection, where the President Judge asserts that Petitioners failed to appeal a contempt order issued because Petitioners refused to sign checks disbursing IV-D funds to domestic relations employees as ordered to be done by the President Judge. As will be explained in section III of this dissent, this past action cannot provide the basis for this declaratory relief petition.

I must also take issue with the majority's resolution of the President Judge's objection to the absence from this action of two of the current commissioners. The majority, in concluding that the failure to name the two commissioners is not fatal to the petition, relies in part on the advisement, at oral argument, of Petitioners' counsel that the two unnamed commissioners seek to have the issue resolved and would agree to be substituted as parties. Substitution of parties cannot be done in this fashion. Pa. R.C.P. No. 1017(b)(5) permits nonjoinder of a necessary party to be raised by preliminary ob-

jection, and when so raised, it should be decided at that time. *See* 2 Goodrich-Amram 2d §1017(b):16 (1976). The current county commissioners are necessary parties to this action. The President Judge's preliminary objection should be sustained with leave to the Petitioners to request permission to amend their petition to substitute the current commissioners as parties.

## III.   RES JUDICATA

The majority correctly sets forth the elements necessary for the doctrine of res judicata to apply to this case, majority op. at 333, and then concludes that there is no identity of causes of action here because the subject matter and the ultimate issue in the unappealed contempt order and the instant case are not identical. I disagree.

The subject matter of both cases is the disbursement of IV-D funds and the ultimate, *i.e.* determinative, issue in both is whether disbursement of IV-D funds to court employees is compensation to county employees which must be approved by the salary board. By acquiescing in the President Judge's order to sign the checks disbursing IV-D funds instead of appealing the order holding them in contempt of court for not signing, Petitioners are barred by the doctrine of res judicata from asserting that the President Judge does not have the authority to order IV-D funds disbursed to court employees.

Accordingly, the President Judge's preliminary objections should be sustained and the petition for declaratory relief dismissed.