552 A.2d 350

Ruth W. Strong, Appellant *v.* The County of Erie, Appellee.

Argued October 3, 1988, before Judges Barry and Palladino, and Senior Judge Narick, sitting as a panel of three.

*Gary Eiben,* for appellant.

*Kenneth D. Chestek,* for appellee.

Opinion by Judge Palladino, January 6, 1989:

Ruth W. Strong (Appellant) appeals from an order of the Court of Common Pleas of Erie County granting the motion of the County of Erie for summary judgment.

Appellant is the elected treasurer for Lawrence Park Township in Erie County. Included in her duties is collection of real estate taxes imposed by the Township, School District and Erie County. Appellant is in her fifth term as treasurer (each term is 4 years). Prior to the primary election for municipal tax collectors in 1985, the Erie County Commissioners established the compensation these elected officials would receive for the term 1986 through 1989 by enacting Ordinance No. 11 of 1985.[1] This ordinance set the compensation for tax collectors at a percentage of the 1985 assessed value of the property in the municipalities in which the tax collectors were to collect taxes but it *capped* the compensation which could be received by the Lawrence Park tax collector at $5000.[2]

Appellant, after the primary, commenced an action in the trial court, seeking the difference in salary she would receive if her compensation were not capped and damages for mental anguish and suffering. Appellant's action was based on 42 U.S.C. §1983, which states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

[1] Section 36.1 of the Local Tax Collection Law, P.L. 1050, *as amended,* 72 P.S. §5511.36a, requires:

When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election.

[2] If the formula were used, the amount due the Lawrence Park tax collector would be $12,790. Appellant's compensation in her prior term of office was $3,696.58.

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity or other proper proceeding for redress. . . .

Fundamental to Appellant's section 1983 action is her assertion that Ordinance No. 11 violates the equal protection clause of the fourteenth amendment of the United States Constitution because Ordinance No. 11 does not compensate the tax collector of Lawrence Park at the same rate as the other municipal tax collectors in Erie County.[3]

After the pleadings were closed and some discovery completed, the County moved for summary judgment. The trial court, concluding that there were no genuine issues of material fact, granted the motion. The trial court determined that Ordinance No. 11 did not violate the equal protection clause of the fourteenth amendment because the ordinance bore a rational relationship to a legitimate governmental purpose. On appeal to this court,[4] Appellant argues that the trial court erred in concluding that there were no genuine issues of material facts and that the County was entitled to judgment as a matter of law.

---

[3] The fourteenth amendment states, in relevant part:
No State shall make or enforce any law which . . . shall . . . deny any person within its jurisdiction the equal protection of the laws.

[4] Our scope of review of a grant of summary judgment is limited to determining if the trial court committed an error of law or a manifest abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913, *petition for allowance of appeal denied,* 517 Pa. 590, 534 A.2d 770 (1987). Summary judgment is appropriate when the moving party has established that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *Id.*

There are three possible tests for evaluating fourteenth amendment challenges: (1) rational basis, applied if neither a suspect class nor a fundamental right is involved; (2) strict scrutiny, applied if a suspect class or fundamental right is implicated; or (3) intermediate, applied when the classification is "sensitive" or the right is "important." *James v. Southeastern Pennsylvania Transportation Authority,* 505 Pa. 137, 145, 477 A.2d 1302, 1305-06 (1984). Appellant acknowledges that the rational basis test is the appropriate test to apply in this case. Appellant's brief at 14-15. The rational basis test requires only that a classification, to pass muster under the equal protection clause, bear a rational relationship to a legitimate governmental objective. *McGinnis v. Royster,* 410 U.S. 263 (1973). Therefore, the two elements to the test are (1) a legitimate governmental reason and (2) a classification which is rationally related to that reason. We will address the two prongs of the test separately.

### LEGITIMATE GOVERNMENTAL PURPOSE

The trial court determined that the County had a legitimate purpose in enacting Ordinance No. 11 and that the purpose was "to achieve some uniformity among the various municipalities in order to treat all collectors fairly and to cut costs. . . ." *Strong v. County of Erie,* (No. 1179-A-1986, filed December 18, 1987), slip op. at 3. Appellant asserts that "it is a function of the finder of fact, and not a court ruling upon a motion for summary judgment, to determine what the reasons were for the enactment of Ordinance No. 11." Appellant's brief at 19.

In determining whether a legitimate governmental purpose exists, "the court may even hypothesize the motivations . . . to find a legitimate objective." *Malmeds v. Thornburgh,* 621 F.2d 565, 569 (3d Cir. 1980)

*cert. denied,* 449 U.S. 955 (1980). If the court is free to hypothesize a legitimate governmental purpose to justify a legislative action, then the determination of whether a legitimate governmental purpose exists is clearly one of law, not of fact, properly determined by the court. Reducing county costs and achieving uniformity among municipal tax collectors are legitimate governmental objectives. In fact, Appellant admits that these are valid governmental goals. Appellant's brief at 19. The trial court did not err in concluding, as a matter of law, that the County enacted Ordinance No. 11 to meet a legitimate governmental goal.

## RATIONAL RELATIONSHIP

Given a legitimate governmental purpose, the next question is whether the classification bears a rational relationship to that purpose. The trial court determined that the County's disparate treatment of the Lawrence Park tax collector was rationally related to reducing county costs and achieving uniformity because of the consequences of applying the formula used in Ordinance No. 11 to Lawrence Park. If that method had been applied to calculate the compensation due the Lawrence Park tax collector, a raise of 248% would have resulted. By capping the Lawrence Park tax collector's salary at $5000, the increase in compensation was limited to 35.8%. No other tax collector received a raise of more than a 13.23% increase. Only 3 of the 37 municipal tax collectors received increases; compensation to the other 34 was decreased.[5]

---

[5] These percentages and numbers can be computed using Ordinance No. 11 and the worksheets used by the County in arriving at the compensation established by the ordinance. The worksheets can be found in Record item 15 and the exhibits attached thereto.

Appellant first argues that, because the ordinance does not specify on its face the reason for treating the Lawrence Park tax collector differently, the issue of whether there is a rational basis for doing so is in dispute and she must be given an opportunity to prove to a jury that this disparate treatment is irrational. The Pennsylvania Supreme Court has concluded otherwise, stating:

> In determining whether a classification is rational a court is free to hypothesize the reasons the legislature might have had for its classification. . . . The courts do not require record evidence to justify the classification nor do they require the legislative history to show that the legislature had considered the particular rationale that satisfies the court. . . . Indeed, the legislative action always carries a strong presumption of constitutional validity.

*Martin v. Unemployment Compensation Board of Review*, 502 Pa. 282, 292, 466 A.2d 107, 111-12 (1983) (citations omitted).

Even the United States Supreme Court in *Minnesota v. Clover Leaf Creaming Co.*, 449 U.S. 456 (1981), relied on by Appellant to support her argument that it is for the fact finder to determine if the disparate treatment is irrational, refutes that argument. In *Clover Leaf*, the Supreme Court reversed a determination of the Minnesota Supreme Court that prohibiting the use of plastic milk containers was not rationally related to the legitimate state objectives of promoting resource conservation, easing solid waste disposal problems, and conserving energy. The Supreme Court concluded that it was not for the court to determine whether *in fact* the ban on plastic milk containers would promote legitimate governmental purposes but whether the "Minnesota Legislature *could rationally have decided*" it would. *Id.* at 466 (emphasis in original).

Appellant next argues that the United States Supreme Court in *Zobel v. Williams*, 457 U.S. 55 (1982) held that "discrimination based purely upon historical factors is unjustified." Appellant's brief at 24. Appellant misinterprets *Zobel*. The Supreme Court in *Zobel* held only that it was not rational for a state to treat disparately classes of citizens when the classes were determined solely by length of residence in the state. The United States Supreme Court in *Vance v. Bradley*, 440 U.S. 93 (1979), specifically considered the propriety of the use of historical factors by a legislative body, as opposed to current data, to show a rational relationship between a classification and a legitimate governmental purpose. The court stated:

[Challengers] seem to believe that [the legislative body] had to have current empirical proof . . . and had to offer such proof for the District Court's perusal before the statute could be sustained. Such evidence of course would argue powerfully for sustaining the statute. . . . But this case, as equal protection cases recurrently do, involves a legislative classification contained in an ordinance. In ordinary civil litigation, the question frequently is which party has shown that a disputed historical fact is more likely than not to be true. In an equal protection case of this type, however, those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decision maker.

. . . .

[I]t is the very admission that the facts are arguable that immunizes from constitutional attack the [legislative] judgment represented by this statute: 'It makes no difference that the facts may

be disputed or their effect opposed by argument and opinion of serious strength. It is not within the competency of the courts to arbitrate in such contrariety.' Rast v. Van Deman & Lewis Co., 240 U.S. 342, 357 (1916).

*Id.* at 110-11, 112 (citations omitted).

In the instant case, Appellant would have us reverse the grant of summary judgment and remand to permit her to argue to a jury her viewpoint that the historical facts and current data demonstrate that the increase in compensation, which results when the formula used in Ordinance No. 11 is applied to Lawrence Park, is not that great.[6] Appellant appears to assert that if her viewpoint is accepted, the fact finder would conclude that the disparate treatment of the Lawrence Park tax collector bears no rational relationship to cutting County costs or treating municipal tax collectors uniformly. This argument ignores settled caselaw that:

'The problems of government are practical ones and may justify, if they do not require, rough accommodations,—illogical, it may be and unscientific.' Metropolis Theater Co. v. City of Chicago, 228 U.S. 61, 69-70 (1913). We do not wish to inhibit state experimental classifications in a practical and troublesome area, but inquire only whether the challenged distinction rationally furthers some legitimate, articulated state purpose.

*McGinnis,* 410 U.S. 263, 270 (1973).

While it is possible that a different scheme would have resulted in a more uniform method of compensa-

---

[6] Appellant relies, in part, on a consent decree entered into by the County and herself, after the 1981 reassessment of property owned by General Electric in Lawrence Park significantly reduced tax revenues in Lawrence Park, which set Appellant's compensation for 1982-1985 at $3,696.58. Record item 21, exhibits B, C, D.

tion, which would have had less economic impact on the Lawrence Park tax collector, we conclude that the disparate treatment of the Lawrence Park tax collector does bear a rational relationship to cutting County costs and treating municipal tax collectors uniformly.

## Conclusion

As the above discussion indicates, determining whether a legislative classification violates the equal protection clause of the fourteenth amendment is one of law not fact. The trial court did not commit an error of law or abuse its discretion in granting the county's motion for summary judgment.

## Order

AND NOW, January 6, 1989, the order of the Court of Common Pleas of Erie County in the above-captioned case is affirmed.