**Rightley v. Lebanon Mutual Insurance Co.**

*Mark S. Pinnie,* for plaintiff.
*Joseph H. Riches,* for defendant.

KOUDELIS, *J.,* April 22, 1992—

## NATURE AND HISTORY OF CASE

This is an appeal from the court's order of September 13, 1991, following a hearing on appellee's (insured's) petition for declaratory judgment. The order appealed vacates the court's order of September 6, 1991, and grants appellee's petition for declaratory judgment. The court finds that coverage under the appellant's (insurer's) policy of insurance is afforded the appellee.

The history of the case is as follows: Appellee filed a petition for declaratory judgment in the Court of Common Pleas of Delaware County. A hearing was held before the court at which the litigants submitted the matter upon stipulated facts. The court initially entered an order denying the appellee's petition for declaratory judgment and dismissing any and all claims of appellee against appellant with prejudice. The court reversed itself upon reconsideration and on September 13, 1991, issued the order now appealed from, vacating its order of September 6, 1991, and granting appellee's petition for declaratory judgment. The appellant timely filed its notice of appeal from the court's order of September 13, 1991, necessitating this opinion.

## FACTS

The original petitioner, now appellee, owns a commercial property at 2557 West Chester Pike, Broomall, Delaware County, Pennsylvania. He insured his property with the appellant insurance company. On June 8, 1990,

the adjacent property owner retained contractors to pave a driveway. The paving vehicles had to travel close to appellee's property, resulting in vehicle vibration damage requiring repair and the insurance claim underlying this action. Appellant refused coverage. Appellee seeks declaratory relief for interpretation of the insurance contract.

Appellant denied that interpretation was necessary, that any vehicle made actual physical contact with appellee's building, and that any vehicle vibration damage was covered by the insurance policy. Appellant further states that appellee's request for declaratory relief is barred, because an appropriate legal remedy exists. The court found that appellee's request for declaratory judgment was the appropriate remedy for interpretation of the insurance contract in this case. Section 7531 et seq. of the Judiciary and Judicial Procedure Law, 42 Pa.C.S. §7531, is the Declaratory Judgment Act. Section 7532 sets forth the general scope of the declaratory remedy including that courts, "shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed."

In *Fidelity Bank v. Pennsylvania Turnpike Commission,* 498 Pa. 80, 444 A.2d 1154 (1982), the court stated that the purpose of the Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other relations and, to that end, the Act is to be liberally construed and administered. Also see *Curtis v. Cleland,* 122 Pa. Commw. 328, 552 A.2d 316 (1988).

Appellant argues that the policy of insurance does not include vehicle vibration or earth movement damage because that is not one of the eight perils insured against. Appellee contends that the vehicle which caused the dam-

age compacted the earth adjacent to the foundation of his building, resulting in pressure against such foundation causing it to crack and, that the earth between the driveway and his foundation wall over which the trucks were traveling was his property and was covered under the terms and conditions of the policy.

## DISCUSSION

The issue is whether the court erred in granting appellee's declaratory judgment and finding that appellee's loss was covered by appellant's policy of insurance.

The policy of insurance, in section VII, specifically sets out the following exclusions to the policy: electrical apparatus, nuclear clause (two provisions), nuclear exclusion, ordinance or law, power failure, war risk, water exclusion, earth movement and volcanic eruption. The policy does not expressly cover nor expressly exclude damage caused by indirect physical contact.

Appellee argues that section I of the policy, titled "Property Covered," covers the building, including additions, extensions and fixtures. The argument of appellant, that an additional exclusion for walks, roadways and other paved surfaces, applies here, is without merit. (section II, B,4) The damage done to the building of the appellee, was caused by trucks traveling over a paved surface of the adjacent property owner. There is no question that claim is not being made for damage for the other owner's driveway. It is travel over that driveway causing the subterranean movement of earth against the foundation wall which caused the damage to the appellee's building.

Appellant does not argue that an automobile, which does not strike a covered building, but which strikes an

object propelling it into the building causing damage, would not be a covered loss. The result should be no different where the object causing the damage is compacted earth pressuring the foundation wall, which has resulted from vehicle vibration and repeated passage of paving equipment over it. In both cases, the force is indirect. In both cases, the resulting damage is the same. The only difference is the time span over which the damage occurred. While that factor is not immediate, it is hardly evolutionary. To deny coverage solely for that reason is tantamount to recognizing a distinction without a difference.

Appellant, when it wrote the policy, could have dealt with the situation of an actual but indirect force causing damage to a covered property. Having failed to do so renders the policy ambiguous as applied in this case. Where a provision of an insurance policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983). *Mohn v. American Casualty Co.,* 458 Pa. 576, 326 A.2d 346 (1974).

The next question is whether the earth movement exclusion to the policy, section VII, paragraph 9, applies to this case. That exclusion provides as follows: *"Earth Movement:* This company shall not be liable for loss caused by, resulting from, contributed to or aggravated by earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting, unless fire or explosion as insured against ensues and then this company shall be liable for only loss caused by the ensuing fire or explosion."

The court finds that the earth movement exclusion applies only to spontaneous, natural, catastrophic earth movement and not movement brought about by other causes. In the case of *Peters Township School District v. Hartford Accident & Indemnity Co.*, 833 F.2d 32 (3rd Circ. 1987), it was determined that, under Pennsylvania law, the earth movement exclusion was intended to encompass catastrophic earth movement, and not movement brought about by other causes. This particular exclusion was not intended to encompass earth movement caused by vehicles traveling over a driveway adjacent to the appellee, and accordingly, recovery under the terms of the policy should be permitted.

Appellant argues that the *Peters Township School District* case does not apply since that case applied to an all-risk policy and the case at bar involves a specific perils policy. Absent some provision in the policy, there is no basis to draw such a distinction. The court finds that the interpretation of that exclusion applies whether the court is dealing with an all-risk or specified perils policy, therefore, appellant's argument for disregarding the *Peters* case is inapposite.

The *Peters* court states generally, at page 37, that, "Exclusions in an insurance contract will be effective if clearly worded and conspicuously displayed." Later, it continues, "In addition, 'all risk' policies afford coverage for all risks not excluded." This court agrees that the policy in question is not an all risk policy. An all risk policy just lightens the insured-plaintiff's burden. The absence of an all risk policy does not preclude the *Peters* case application of general precepts of insurance law to specific risk policies.

In this case, the policy exclusion for earth movement is ambiguous, the policy does not mention anything about

actual but indirect force causing damage to a covered property and, therefore, the court finds it appropriate and proper to apply the *Peters* standards to this case.

## DISPOSITION

The court concludes that coverage is afforded the appellee under the terms of the insurance policy and that appellee, having no adequate remedy at law, has a right to the requested relief. For the foregoing reasons, we vacated the original order of September 13, 1991, granting appellee his declaratory judgment.