# Pocono Highland Lake Estates Property Owners Association Inc. v. Palys

C.P. of Monroe County, no. 3531.

*James V. Fareri,* for plantiff.
*Edmund D. Flynn,* for defendants.
*Maryann O. Garvey,* for recorder of deeds.

O'BRIEN, *J.,* April 16, 2002—

## I. FINDINGS OF FACT

(1) Pocono Highland Lake Estates is a residential subdivision situated in Middle Smithfield and Price Townships, Monroe County, Pennsylvania. The subdivision consists of approximately 300 lots and approximately 200 homes have been built to date.

(2) Pocono Highland Lake Estates Property Owners Association Inc. took title to all of the common areas of the development by virtue of a deed dated May 10, 1974 and recorded in the office for the recorder of deeds in and for Monroe County, Pennsylvania in deed book 559, page 193.

(3) Defendants, Dennis E. Palys et ux., took title to lots 6 and 7 of section A of the development by virtue of a deed dated January 2, 1987 and recorded in the office for the recorder of deeds in and for Monroe County, Pennsylvania in deed book 1534, page 892. More recently Dennis E. Palys et ux. took title to lots 8 and 9.

(4) All deeds in the development, including the deeds to the defendants in this proceeding, make reference to a plan of lots approved by the supervisors of Middle Smithfield Township and Price Township and recorded in the office for the recorder of deeds in and for Monroe County, Pennsylvania in plot book 9, page 39.

(5) The aforesaid recorded plan referenced in defendants' deeds, shows a notation of "5' path" along the border of lots 7 and 8 owned by the defendants. Although the time and entry of this notation on the map is unclear, it clearly occurred prior to the lamination used to protect the original map, which occurred in the early 1980s. This lamination occurred prior to either of the deeds into the present defendants.

(6) The aforesaid path leads directly from Lake Drive to the dam which is located in the center of the lake. The map is silent with respect to the purposes or extent of use contemplated for the path.

(7) The path has not been improved but has been a source of controversy between residents and others attempting to use the path and the defendants.

## II. DISCUSSION

The Declaratory Judgment Act, 42 Pa.C.S. §7531 et seq., is remedial in nature and its purpose is to provide

relief from uncertainty and to establish various legal relationships. *Curtis v. Cleland,* 122 Pa. Commw. 328, 552 A.2d 316 (1988); *Chester Upland School District v. Commonwealth,* 90 Pa. Commw. 464, 495 A.2d 981 (1985). The Act is broad in its scope and is to be liberally construed. *New London Oil Co. Inc. v. Ziegler,* 336 Pa. Super. 380, 485 A.2d 1131 (1984). In this proceeding, the plaintiff homeowners association asked the court for relief from the uncertainty as to the existence of the path on the recorded map and to declare it open for all purposes. The defendants, whose premises would be subject to this easement, deny that the path does exist or alternatively ask the court to determine the scope of its use.

It is well settled that the grantee of a lot which is sold according to a plan of lots on which streets or alleys not previously opened or projected as a public street are plotted out by the grantor, acquires an easement over those streets and alleys as a private right of property arising out of the grant. An easement by reference to a map or plan is not an express easement but rather an easement by implication. *Potis v. Coon,* 344 Pa. Super. 443, 496 A.2d 1188 (1985). Since the path depicted on the map was visible and apparent to any persons searching the title prior to the time the defendants took title to their lots, we conclude that an easement by implication does exist in favor of the plaintiff homeowners association, and other lot owners in the development.

However, it is also true that the plan is ambiguous with regard to the path's contemplated purpose. We must thus determine why the path was created in the first place and

reference to the plan alone offers little conclusive help. However, it is notable that the path leads directly to the lake and the dam in the center of the lake. Therefore, it is reasonable to conclude that the purpose of the path was to provide a convenient access for persons living in the development to use the lake for recreational purposes. We are also sensitive to the concerns of the lot owners that their premises not become a public thoroughfare to be used and abused by any passerby. Therefore, we will frame a decree in a manner which we feel is equitable and fair to all parties. *Sides v. Cleland,* 436 Pa. Super. 618, 648 A.2d 793 (1994), *allocatur denied,* 540 Pa. 613, 656 A.2d 119 (1995).

## III. CONCLUSIONS OF LAW

(1) The plaintiff and other lot owners in the development have acquired an easement by implication over the path depicted on the map laying out the subdivision. *Potis v. Coon,* 344 Pa. Super. 443, 496 A.2d 1188 (1985).

(2) The plan is ambiguous with regard to the purpose of the path and, therefore, its use must be limited in some reasonable fashion in fairness to the property owners involved. *Sides v. Cleland,* 436 Pa. Super. 618, 648 A.2d 793 (1994), *allocatur denied,* 540 Pa. 613, 656 A.2d 119 (1995).

## DECREE

And now, April 16, 2002, it is ordered as follows:

(1) The complaint of plaintiff Pocono Highland Lake Estates Property Owners Association Inc. for declaratory judgment is granted.

(2) The court finds that there is an easement for purposes of access to the dam and lake measured 10 feet in width, five feet in either direction from the boundary line dividing lot 7 and lot 8, section A, Pocono Highland Lake Estates, presently titled in the name of Dennis E. Palys et ux. The easement begins at Lake Drive and terminates at the dam bisecting the lake to the east of the Palys lots.

(3) Said easement shall be used solely by members of the Pocono Highland Lake Estates Property Owners Association for daytime walking access to the lake and the dam. The plaintiff association may improve the path to meet the aforesaid purposes upon condition that the path be secured by a gate and lock with access only to the association members.

(4) If the association undertakes a repair of the dam, the easement may be utilized by vehicles used in repairing the dam under the supervision of the association.

(5) Each party shall bear their own costs in this proceeding.